UNITED STATES of America,

v.

14.5 ACRES MORE OR LESS LOCATED AT 485 NORTH ROAD, BARNARD, VT, with all Appurtenances and Improvements Thereon,

Christina Appleby, Roger Appleby, Claimants.

Samuel L. Appleby, Conor James Appleby, Minor, Claimants.

Civ. A. No. 5:90-CV-29.

United States District Court,
D. Vermont.

July 6, 1994.

James J. Gelber, Asst. U.S. Atty., Burlington, VT, for plaintiff.

Gregory V. Mauriello, Vermont Legal Aid, Inc., Springfield, VT, for claimants Samuel Appleby, Conor Appleby.

Barry Griffith, Rutland, VT, for Christina Appleby.

## OPINION AND ORDER

BILLINGS, District Judge.

In this forfeiture action, the government moves, pursuant to Fed.R.Civ.P. 56(b), for partial summary judgment striking the claims of Samuel and Conor Appleby ("claimants") to the defendant property. Claimants oppose the motion.

Claimants are the minor children of Roger and Christina Appleby, record owners of the defendant property which is subject to forfeiture by the government under 21 U.S.C. §§ 881(a)(6), 881(a)(7). The children filed claims to the defendant property through their mother, Christina Appleby, as next friend,[1] alleging an equitable interest in the property as the "innocent" heirs of their parents under 18 V.S.A. § 4241(a)(5). The government argues that claimants have failed to demonstrate an ownership interest in the subject property and thus cannot establish standing to challenge the forfeiture action.

Summary judgment is appropriate when the Court finds that there is no genuine issue as to any material fact, and the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). The party opposing summary judgment must present "significant probative evidence" demonstrating that a genuine dispute of material fact exists, and that the moving party is not entitled to judg-

---

1. Christina Appleby also claims the property as an "innocent owner" under § 881(a)(6). The government does not seek to dismiss her claim at this time.

ment as a matter of law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

■ In order to contest a forfeiture action, a claimant must first demonstrate an interest in the property sufficient to establish standing under Article III. *United States v. $38,000.00 in U.S. Currency,* 816 F.2d 1538, 1543 (11th Cir.1987). In cases of civil forfeiture based on the parents' convictions for drug offenses, a child's future expectation of ownership of a home is insufficient to give the child standing to contest the forfeiture. *United States v. One Parcel of Property Located at RR 2, Independence, Buchanan County, Iowa,* 959 F.2d 101, 103–04 (8th Cir.1992). Rather, the requisite ownership interest must exist prior to the illegal act giving rise to the forfeiture action.[2]

■ The Court must look to state law to determine whether a claimant has a prior legal or equitable interest in property seized by the government. *United States v. One Single Family Residence,* 894 F.2d 1511, 1518 (11th Cir.1990). The Vermont legislature expressly exempted from drug-related forfeitures any "real property which is occupied as the primary residence of a person involved in the violation and a member or members of that person's family." 18 V.S.A. § 4241(a)(5). However, the statute does not explicitly grant family members a property interest in the primary residence.[3] Section 4241(a)(5) thus fails to establish a property interest on which claimants may base standing to challenge this federal forfeiture action. Because claimants cannot demonstrate an ownership interest in the defendant property, as a matter of law claimants have no standing on which to challenge the government's forfeiture action.

There being no dispute as to genuine issues of material fact, and plaintiff being entitled to judgment as a matter of law, the Court hereby GRANTS plaintiff's motion to dismiss Samuel and Conor Appleby's claims to the property.

SO ORDERED.

---

**2.** Under the relation back doctrine codified at 21 U.S.C. § 881(h), title to property described in § 881(a) vests in the government immediately upon commission of the violation such that no third party can acquire a legally valid interest in the property after the illegal act takes place.

*Case of One 1985 Nissan, 300ZX,* 889 F.2d 1317, 1320–21 (4th Cir.1989).

**3.** The Court will not interpret the statute so as to create such rights absent a clear legislative directive.